UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEITH STREATER,

    Plaintiff(s),

v.

AMAZON, et al.,

    Defendant(s).

Case No. 2:23-cv-02120-RFB-NJK

ORDER

Concurrently herewith Plaintiff has been granted the authority to proceed *in forma pauperis*. The Court herein screens the amended complaint.[1]

## I. STANDARDS

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations,

---

[1] The Court screens the complaint by issuing this order as to the claims involving St. Timothy, as well as a separate report and recommendation as to the claims involving Amazon.

1

it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Moreover, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

**II.    ANALYSIS**

The Court does not find that a sufficient showing has been made in the amended complaint as to federal subject matter jurisdiction. There are generally two types of subject matter jurisdiction: (1) diversity jurisdiction and (2) federal question jurisdiction.

Diversity jurisdiction exists when the plaintiff is a citizen of a different state than all of the defendants, and the claim involves more than $75,000 in controversy. 28 U.S.C. § 1332(a). The amended complaint provides no basis on which to find diversity jurisdiction. The amended complaint does not allege the state citizenship of Plaintiff or of St. Timothy's, let alone that they

are different.  The amended complaint also does not on its face put more than $75,000 in controversy.  Hence, the amended complaint does not plead diversity jurisdiction.

Federal question jurisdiction exists with respect to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law.  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The amended complaint does not explicitly allege a federal cause of action against St. Timothy's and does not otherwise show that the case necessarily turns on the construction of federal law.  Plaintiff's claims appear to be premised largely on contract principles and eviction procedures, *see, e.g.*, Docket No. 5-1 at 10-15, issues that are generally governed by state law.  Hence, the amended complaint does not plead federal question jurisdiction.

The Court is mindful, however, that the federal Fair Labor Standards Act requires payment of a minimum wage and payment of overtime in certain circumstances.[2]  In this case, Plaintiff is alleging that he agreed to engage in certain employment-related work in exchange for payment in the form of free rent to live at the church.  *See, e.g.*, Docket No. 5-1 at 1.  The amended complaint also alleges that additional work was later required from Plaintiff, but that further compensation was not provided. *See, e.g.*, *id.* at 12.  The amended complaint also alleges that Plaintiff's efforts to obtain compensation for that additional work were denied by St. Timothy's Church. *See, e.g.*, *id.* at 11.[3]  While the Court broadly construes the filings of *pro se* parties, it is not entirely clear

---

[2] The amended complaint at times includes references to wire fraud. *See, e.g.*, Docket No. 5-1 at 15.  To be clear, the federal criminal wire fraud statute does not provide a private cause of action. *See, e.g.*, *Foley v. Morrone*, 2014 WL 4275530, at *4 n.5 (D. Nev. Aug. 27, 2014) (collecting cases).

[3] The amended complaint is not entirely clear and appears at times to be inconsistent, including some assertions that compensation was not expected and other assertions that compensation was expected.  Any further amended complaint should be clearer on those issues.

whether Plaintiff is alleging that, in violation of the Fair Labor Standards Act, he did not receive a minimum wage and/or whether he was not properly compensated for overtime in light of the above factual allegations.[4]  To the extent that is a claim that Plaintiff is making, he must more explicitly allege such claim(s) in any second amended complaint.

In short, the amended complaint does not provide a basis on which the Court can exercise subject matter jurisdiction over the claims against St. Timothy's Church.  The Court cannot conclude that amendment would be futile, however, so Plaintiff will be afforded an opportunity to amend if he believes subject matter jurisdiction can be pleaded.[5]

### III.     CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's amended complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **March 29, 2024**, to file a second amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the second amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Lastly, Plaintiff is reminded that he must <u>sign</u> any amended complaint that is filed hereafter.  *See* Fed. R. Civ. P. 11(a).

---

[4] It does not appear at first blush that religious institutions are exempt from the wage and hour provisions of the FLSA, *see Tony & Susan Alamo Found. v. Sec. of Labor*, 471 U.S. 290, 306 (1985), or that the work performed by Plaintiff would give rise to any ministerial exception, *see Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. ___, 140 S. Ct. 2049, 2063-64 (2020). The Court need not resolve those issues today, but merely notes that it does not appear at this juncture that amendment on this ground would be futile.

[5] Because the Court is not satisfied that subject matter jurisdiction exists, it will not otherwise screen the amended complaint as to whether any state law claim has been stated.

4

**Failure to comply with this order may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: February 29, 2024

_____
Nancy J. Koppe
United States Magistrate Judge