UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH STREATER,<br><br>    Plaintiff(s),<br><br>v.<br><br>AMAZON, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-02120-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

Concurrently herewith Plaintiff has been granted the authority to proceed *in forma pauperis*. The Court herein screens the amended complaint.[1]

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction or occurrence, <u>and</u> (2) any question of fact or law is common to all parties. Fed. R. Civ. P. 20(a). Courts have broad discretion in applying Rule 20. *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1262 (C.D. Cal. 2014). A finding by the Court that joinder is not proper is not grounds to dismiss a case in its entirety, but the Court may exercise its discretion to "add or drop" parties.

---

[1] The Court screens the complaint by issuing this report and recommendation as to the claims involving Amazon and separately screens the complaint by issuing an order as to the claims involving St. Timothy.

1

*See* Fed. R. Civ. P. 21. "Where parties have been inappropriately joined, it is accepted practice under Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice." *Armstead*, 66 F. Supp. 3d at 1263. The Court may exercise its discretion under Rule 21 *sua sponte* at any time. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); *see also, e.g.*, *Doop v. Wolfson*, 2022 WL 16949713, at *2 (D. Nev. Nov. 15, 2022) (addressing improper joinder at screening stage).

Plaintiff's amended complaint raises two distinct issues. Plaintiff first pleads claims against St. Timothy's Church regarding his work efforts and eviction from the church as his living space. *See* Docket No. 5-1 at 1-3. Plaintiff next pleads contract-based and other claims against Amazon regarding his efforts to publish a book. *See id.* at 3-10. The claims against St. Timothy's Church and Amazon appear to be entirely distinct. There is no question of law or fact common to those two defendants, so the claims against Amazon are subject to dismissal without prejudice to Plaintiff bringing a new suit specific to Amazon.[2] Moreover, there appears to be no reason (such as operation of the statute of limitations) preventing Plaintiff from separately filing his claims against Amazon. *See* Docket No. 5-1 at 3 (identifying Amazon-related allegations from late 2023).[3]

Accordingly, the undersigned **RECOMMENDS** that Defendant Amazon be **DISMISSED** from this case without prejudice.

Dated: February 29, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The caption identifies Amazon as the first defendant, but the body of the amended complaint identifies St. Timothy's as the first defendant. *See* Docket No. 5-1. The Court has "considerable discretion" in applying Rule 21, *Armstead*, 66 F. Supp. 3d at 1263, and the Court will keep the claims against St. Timothy's in this case since those are the claims first articulated in the amended complaint and appear to relate to older events, Docket No. 5-1 at 1-2.

[3] The Court expresses no opinion herein on the merits of the claims against Amazon.

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).