UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEITH STREATER,

          Plaintiff,

    v.

AMAZON, *et al.*,

          Defendants.

Case No. 2:23-cv-02120-RFB-NJK

**ORDER**

Before the Court for consideration is the Report and Recommendation of the Honorable Nancy J. Koppe, United States Magistrate Judge, entered on February 29, 2024. ECF No. 13. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by March 14, 2024. Plaintiff Streater filed a Statement of Facts on March 14, 2024. ECF No. 15. However, Judge Koppe struck this filing and extended the objection deadline to April 3, 2024. ECF No. 16. On April 4, 2024, Plaintiff filed an objection. ECF No. 18.

The Magistrate Judge's Report and Recommendation recommends that Amazon be dismissed from this action. The Report finds that Plaintiff raises two distinct issues against two parties, St. Timothy's Church and Amazon. With the first party, Plaintiff pleads claims related to his work efforts and eviction from the church as his living space. While with second party, Plaintiff

pleads contract-based and other claims related to his efforts to publish a book.

The Court has conducted a *de novo* review of the Report and Recommendation and concurs with the Magistrate Judge's findings, reasoning, and recommendation. Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction or occurrence, and (2) any question of fact or law is common to all parties. Fed. R. Civ. P. 20(a). The purpose of Rule 20(a) is to address the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Under Rule 21 of the Federal Rules of Civil Procedure, if the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Misjoinder of parties is not a ground for dismissing an action. Fed. R. Civ. P. 21. Upon a finding of misjoinder, a court has two remedial options: misjoined parties may be dropped on such terms as are just or any claims against misjoined parties may be severed and proceeded with separately. Fed. R. Civ. P. 21.

An accepted practice under Rule 21 is to dismiss all defendants except for the first named in the Complaint. See Coughlin, 130 F.3d at 1348. The Court finds that the parties are improperly joined and St. Timothy's Church would be the proper party to remain in the action as the first party mentioned in the Complaint.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 13) is **ACCEPTED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Defendant Amazon is **DISMISSED** from this action.

**DATED:** February 10, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 2 -